Opinion of the court delivered by
Judge Catron.
This cause was transferred from the chancery court at Franklin, to this court, at the December term 1825, by reason of the sitting Chancellor, Judge Haywood, being incompetent to preside therein, having been of counsel; and for this cause it had been twice continued. It therefore, came here as an original cause, pursuant to the act of 1825, ch. 54.
At the January term 1828 of this court, it was heard, and a decree for partition &c. made, a surveyor appointed to divide the lands, who was ordered to make return to this term, &c. preparatory to a final decree.
A petition is now filed for a re-hearing of the cause, and an alteration of the decree made at the last term.
The first question is, can a re-hearing be granted at this term, of a decree made at a previous term, entered upon the order book, and not objected to during said term?
The writer of this opinion apprehended that this could not he done, contrary to the opinion of his brother judges, *142 and that the previous practice of the court had been to file the petition at the term the decree was pronounced» He is informed the practice has been by no means uniform, and upon principle and English precedent, he finds him-ge]f jmye been dearly mistaken. A decree will not be re-hoard in England, after it is enrolled (1 New. Chy. Pr. 360) but before enrollment, rehearings have been common, up to the time of the final decree, made twenty years after the first interlocutory decree in the cause, under which many acts had been done, and the decree to all substantial purposes complied with. The cases of Mills vs. Banks, (1 P. Wms. R. 13, in 1724) Cunningham vs. Cunningham, (Ambler’s R 89,1750) are remarkable instances. Vowds vs. Young, (9 Ves. 171,) Atto. Gen. vs. Brook, (18 Ves. 319,) Wood vs. Griffith, (1 Mer. R. 35,) have strictly followed the old decisions. All the cases referred to are the same as the present in principle; but much stronger acts had been done under the first interlocutory decree in each of them.
I apprehended entering the decree upon the order book, pursuant to the act of 1801, ch. 6, sec. 42, was an enrollment in fact, after which no re-hearing could take place. This, however, involves the absurdity that no re-hearing could at the same time be granted, without setting aside the enrollment first, until which was done the same objection stands in the way, at the first, as at every subsequent term before the cause is fully disposed of.
It is very clear, however, from examining the act, that the order book is to have in it the original decree itself, and that the enrollment is, by the 44th sec. to be in a record book, containing bill, answer, &c. with the original decree transcribed from the order book, which is to be examined by the court and signed. Conformably to this, was framed our 75th rule, declaring that the bill, answers, and pleadings shall be deemed part of the decree, which need not contain the substance of the bill, answer, &c.; so that from the order book alone, in most cases, the matter decreed cannot be ascertained. ■ The 44th and 45th sections provide, that the proceedings shall be recorded, *143 and signed by the court within 6 months after the cause is finally determined. It follows, that after the term when the cause is finally disposed of, no re-hearing can he granted; for before, or by the next term, the decree must be enrolled.
An appeal is only a re-hearing; this cannot be taken by our statutes until the cause is in substance finally disposed of; still it is before enrollment below. Until the time when, an appeal could be taken to the L. Chancellor from the Master of the Rolls, or from a court below to this court, a re-hearing may be had. This cause, as it is now situated in this court, must he governed by the same practice, which would have governed it before the chancellor.
A re-hearing can at all times correct the error an appeal could. If the court were forestalled by its own decree, no relief could be afforded to the most glaring mistake — a dilemma we fear strongly presented in this cause; ■ — there being no appeal from the decree of this court, the party might be remediless, unless the facts were again heard.
Let the re-hearing he granted.